## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**COREY BARNES AND**
**KRISTEN WALKER**

**VERSUS**

**PROGRESSIVE PALOVERDE**
**INSURANCE COMPANY AND**
**LAFARGE NORTH AMERICA**

**CIVIL ACTION**

**NO. 16-817-BAJ-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 17, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**COREY BARNES AND**
**KRISTEN WALKER**

**CIVIL ACTION**

**VERSUS**

**NO. 16-817-BAJ-EWD**

**PROGRESSIVE PALOVERDE**
**INSURANCE COMPANY AND**
**LAFARGE NORTH AMERICA**

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by plaintiffs, Corey Barnes and Kristen Walker ("Plaintiffs"). The motion is opposed[2] by defendant, Progressive Paloverde Insurance Company ("Progressive"). For the reasons set forth herein, the undersigned recommends[3] that the Motion to Remand be **DENIED**.

### I.    Background

This suit arises out of a May 29, 2015 motor vehicle accident. Corey Barnes ("Barnes") alleges that he was forced to swerve and ultimately crashed into a ditch in order to avoid a collision with a truck backing into his path bearing the logo, "Lafarge Concrete."[4] Barnes alleges that "following the near collision, the unknown male driver operating the unknown vehicle, bearing a logo for 'Lafarge Concrete,' fled the scene, without stopping to render aid or exchange information with Petitioner."[5] As a result of the crash, Barnes alleges he sustained injuries to his back, neck,

---

[1] R. Doc. 4.

[2] R. Doc. 5.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc 1-2, ¶¶ I-IV.

[5] R. Doc. 1-2, ¶ VI.

hip, shoulder, and extremities.[6]  Barnes seeks damages for past and future mental anguish and physical suffering, past and future loss of enjoyment of life, past and future expenses for medical care, past and future loss of earnings, and impaired earning capacity.[7]

Plaintiffs filed suit against Defendants on May 16, 2016 in the 21st Judicial District Court for the Parish of Livingston claiming damages and injuries as a result of the accident.  Thereafter, Progressive filed an Exception of Vagueness and Nonconformity in the state court proceedings, seeking to clarify the amount in controversy.  In response, Plaintiffs filed an Amended and Supplemental Petition alleging the amount in controversy in this matter "exceeds seventy five thousand dollars, exclusive of interests and costs."[8]

On December 2, 2016, Progressive removed this action to this court on the basis of federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[9]  Thereafter, on January 2, 2017, Plaintiffs moved to remand the case.[10]  Plaintiffs argue that, despite their allegation in the Amended and

---

[6] R. Doc. 1-2, ¶ X.

[7] R. Doc. 1-2, ¶ X.  Barnes' alleged wife, Kristen Walker, also seeks damages for loss of consortium.  R. Doc. 1-2, ¶ XII.

[8] R. Doc. 1-2, First Supplemental and Amended Petition ¶ II.  In their original Petition for Damages, Plaintiffs alleged that "this case involves damages which exceed the minimum requirements for trial by jury."  R. Doc. 1-2, Petition for Damages, ¶ XV.  In support of its Exception, Progressive argued that:

> Plaintiffs should be ordered to amend their Petition to identify whether the value of the claim exceeds or is less that the amount required for federal jurisdiction pursuant to La. Code Civ. Proc. Art. 926(A)(5).  Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  *See* 28 U.S. Code § 1332.  In this case, complete diversity exists between the Plaintiff…and the defendants….Therefore, federal court jurisdiction hinges on whether the alleged damages exceed the monetary threshold of $75,000.

R. Doc. 1-2.  Following the filing of Progressive's Exception, Plaintiffs filed their First Supplemental and Amended Petition.  Plaintiffs amended *only one* paragraph of their Petition, that setting forth their damages, to specifically allege that "their cause of action exceeds seventy five thousand dollars, exclusive of interest and costs."  R. Doc. 1-2, First Supplemental and Amended Petition, ¶ II.  In light of the explicit basis for Progressive's Exception and Plaintiffs' singular amendment to their pleadings, the undersigned finds Plaintiffs' Motion to Remand disingenuous.

[9] R. Doc. 1.

[10] R. Doc. 4.

Supplemental Petition, remand is appropriate because Progressive has failed to meet its burden of proving that the amount in controversy exceeds the jurisdictional threshold.

## II.    Law and Analysis

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Maze v. Protective Ins. Co.*, 2017 WL 164420, at *1 (E.D. La. Jan. 17, 2017) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In accordance with 28 U.S.C. § 1332(a), district courts shall have jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs." The removing party bears the burden of establishing the amount in controversy. *Allen v. R & H Oil and Gas Co.*, 63 F .3d 1326, 1335 (5th Cir.1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)).

"While it is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists, we have applied different standards of proof depending upon whether the complaint alleges a dollar amount of damages. Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); 28 U.S.C. § 1446(c)(2). In order for a court to refuse jurisdiction "it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335.

In accordance with 28 U.S.C. § 1446(c)(2), if an action is removed on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. In their Amended and Supplemental Petition, Plaintiffs allege that "their

4

cause of action exceeds seventy five thousand dollars, exclusive of interest and costs."[11]  In their Motion to Remand, Plaintiffs confirm that this allegation was "made in good faith."[12] Accordingly, the undersigned finds that Plaintiffs' own allegation regarding the amount in controversy should control, and therefore Progressive has met its burden of establishing that federal jurisdiction exists based on the allegation in Plaintiffs' Amended and Supplemental Petition.  *See*, *Smith v. Accumetrics, Inc.*, 2015 WL 1526464, at *4 (M.D. La. Apr. 3, 2015) ("The Petition specifically seeks recovery, in pertinent part, of '$70,062.10…plus all reasonable attorney's fees for the prosecution of this case.'  Accordingly, if the amount demanded in the Petition was made in good faith, it 'shall be deemed to be the amount in controversy.'").  Further, Plaintiffs have presented no basis for this court to find that it appears "to a legal certainty that the claim is really for less than the jurisdictional amount."  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Even if the undersigned considered Plaintiffs' allegations regarding the amount in controversy insufficient to constitute a "sum demanded" pursuant to 28 U.S.C. § 1446(c)(2), the undersigned finds it is facially apparent that the claims likely exceed the jurisdictional amount. Where a plaintiff does not plead a specific amount of money damages in the petition, "the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."  *Maze v. Protective Ins. Co.*, 2017 WL 164420, at * 2 (E.D. La. Jan. 17, 2017) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).  "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000,

---

[11] R. Doc. 1-2.

[12] R. Doc. 4-1, p. 4.

or, alternatively, (2) the defendant sets forth 'summary judgment type' evidence of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723.

Here, Plaintiffs argue that remand is proper because "Defendants have failed to offer any concrete evidence in support of their claim that removal is warranted. No affidavits or exhibits were attached to the Notice of Removal substantiating that the amount in controversy exceeds $75,000."[13]  Plaintiffs further argue that their "allegation, although made in good faith, is unsupported by any *actual factual evidence* which is essential to showing that it is *more probable than not* that the damages exceed the required amount."[14]  Plaintiffs' argument misses the mark; a removing party is only required to put forth summary judgment type evidence to support a finding that the jurisdictional threshold is likely met when the amount in controversy is not facially apparent. *Manguno*, 276 F.3d at 723.  Here, the undersigned finds that, based on Plaintiffs' allegation in the Amended and Supplemental Petition, it is facially apparent that the claims are likely to exceed $75,000.00, exclusive of interest and costs. *See*, *Jones v. Dow Chem. Co.*, 885 F. Supp. 905, 910 (M.D. La. 1994) ("The fact that the plaintiffs requested a trial by jury, which is only available under Louisiana law if a plaintiff's claim exceeds $50,000.00, and did not plead damages in such a way as to show lack of federal court jurisdiction, indicates to the Court that the plaintiffs' claims exceed the $50,000.00 amount in controversy requirement."); *Adriatic, Inc. v. Western Geophysical Company*, 1996 WL 426570, at * 2 (E.D. La. July 26, 1996) ("Because of plaintiffs' request for a trial by jury, and because plaintiffs did not allege in their state court petition that their claims do not exceed the $50,000 jurisdictional amount, the Court finds that it is apparent

---

[13] R. Doc. 4-1, p. 3.

[14] R. Doc. 4-1, p. 4.  Emphasis supplied by Plaintiffs.

from the face of their petition that the amount in controversy for each 'individual petitioner' exceeds $50,000.00.").

### III.    Conclusion

For the reasons set forth herein, the undersigned recommends that the Motion to Remand[15] be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 17, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 4.