UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

COREY BARNES AND
KRISTEN WALKER

VERSUS

PROGRESSIVE PALOVERDE
INSURANCE COMPANY AND
LAFARGE NORTH AMERICA

CIVIL ACTION

NO. 16-817-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

COREY BARNES AND
KRISTEN WALKER

VERSUS

PROGRESSIVE PALOVERDE
INSURANCE COMPANY AND
LAFARGE NORTH AMERICA

CIVIL ACTION

NO. 16-817-BAJ-EWD

**REPORT AND RECOMMENDATION**

Before the court is an Unopposed Motion for Leave to File First Amended Complaint and Unopposed Motion for Remand (the "Motion")[1] filed by plaintiffs, Corey Barnes and Kristen Walker ("Plaintiffs"). By their proposed First Amended Complaint, Plaintiffs seek to add Third Generation Construction of Louisiana, LLC ("TGC") and C&R Consulting, Inc. ("C&R") as defendants. Because the addition of these defendants would destroy complete diversity, Plaintiffs also move to remand this action. Per Plaintiffs' Motion, "Plaintiffs consulted with opposing counsel and confirmed…that none of the Defendants objected to the filing [of] the present Amended Complaint or Motion to Remand."[2] For the reasons set forth herein, the undersigned recommends[3] that the Unopposed Motion for Leave to File First Amended Complaint and Unopposed Motion for Remand be **GRANTED** and this matter remanded.

I.  **Background**

This suit arises out of a May 29, 2015 motor vehicle accident. Corey Barnes ("Barnes") alleges that he was forced to swerve and ultimately crashed into a ditch in order to avoid a collision

---

[1] R. Doc. 18.

[2] R. Doc. 18, p. 1. *See also*, *id.* ("this remand is uncontested by all parties.").

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

with a truck backing into his path bearing the logo, "Lafarge Concrete."[4] Barnes alleges that "following the near collision, the unknown male driver operating the unknown vehicle, bearing a logo for 'Lafarge Concrete,' fled the scene, without stopping to render aid or exchange information with Petitioner."[5] Per Plaintiffs' Motion, Plaintiffs assert that it is necessary to add TGC and C&R as defendants "in light of new evidence obtained from" Lafarge North America, Inc. ("Lafarge").[6] Specifically, Plaintiffs explain that "on July 10, 2017, Lafarge produced bills of sale showing Lafarge sold three of its 'ready mix' trucks to C&R, accounting for all 17 'ready mix' trucks operating on the date of the accident."[7] Per their proposed First Amended Complaint, Plaintiffs allege that the "unknown driver of the Lafarge vehicle was acting within the course and scope of his employment with either/or Defendants Lafarge, TGC, and C&R…."[8]

## II. Law and Analysis

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court liberally construes Rule 15(a) in favor of amendment. *See*, *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments . . . evinces a bias in favor of granting leave to amend."); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ("[a]

---

[4] R. Doc 1-2, ¶¶ I-IV.

[5] R. Doc. 1-2, ¶ VI.

[6] R. Doc. 18, p. 1.

[7] R. Doc. 18, p. 1.

[8] R. Doc. 18-1, ¶ 20. Plaintiffs do not explicitly explain why they seek to also add TGC as a defendant in their Motion. However, based on Plaintiffs' proposed pleading, presumably certain trucks bearing the Lafarge logo were being operated by TGC on the date of the accident.

district court must possess a substantial reason to deny a request for leave to amend.") (quotations omitted).

However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id*. The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities. *Id*. Applying these factors, the court in *Hensgens* held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction. *Id*.[9]

On December 2, 2016, Progressive removed this action to this court on the basis of federal diversity subject matter jurisdiction, 28 U.S.C. § 1332.[10] Per Plaintiffs' proposed First Amended

---

[9] Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991).

[10] R. Doc. 1. Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens*, 833 F.2d at 1181.

4

Complaint, Plaintiffs are domiciled in Louisiana[11] and therefore are citizens of Louisiana for purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (With respect to individuals, "[f]or diversity purposes, citizenship means domicile…."). Defendant C&R is alleged to be "a domestic corporation organized under the laws of Louisiana with its principle [sic] place of business in New Orleans, Louisiana"[12] and is therefore also a citizen of Louisiana. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").[13] Accordingly, the addition of C&R as a defendant in this matter would destroy this court's subject matter jurisdiction such that this court must determine whether, under 1447(e), joinder should be denied or, alternatively, allowed and this matter remanded.

Significantly, no party opposes the addition of TGC and C&R as defendants, and "remand is uncontested by all parties."[14] It does not appear that Plaintiffs have been dilatory in requesting this amendment, as Plaintiffs explain that on July 10, 2017, Lafarge produced bills of sale pointing to C&R as a purchaser of Lafarge "ready mix" trucks. Further, although Plaintiff previously sought remand on another basis,[15] there is no indication that Plaintiffs' joinder of C&R and TGC

---

[11] R. Doc. 18-1, ¶ 2.

[12] R. Doc. 18-1, ¶ 4.

[13] Plaintiffs allege that TGC is "a domestic limited liability corporation organized under the laws of Louisiana with its principle [sic] place of business in Pearl River, Louisiana." R. Doc. 18-1, ¶ 3. Assuming TGC is a limited liability company (as indicated by its name), such allegations of citizenship are insufficient. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). However, because Plaintiffs are non-diverse from C&R, complete diversity between the parties does not exist regardless of TGC's citizenship.

[14] R. Doc. 18, p. 1.

[15] On January 2, 2017, Plaintiffs moved to remand the case, arguing that despite their allegation in the Amended and Supplemental Petition that the amount in controversy in this matter "exceeds seventy five thousand dollars, exclusive of interests and costs," remand was appropriate because Progressive failed to meet its burden of proving that the amount in controversy exceeds the jurisdictional threshold. R. Doc. 4. On February 17, 2017, the undersigned

5

is meant for the sole purpose of defeating this court's diversity jurisdiction, especially since Plaintiffs have contended from the onset of these proceedings that the driver involved in Mr. Barnes' accident was "an unknown male driver operating an unknown vehicle, bearing a logo for 'Lafarge Concrete.'"[16] Given the fact that both the addition of these defendants and remand of this suit is uncontested, the equities favor granting Plaintiffs' leave to amend and then remanding these proceedings to state court. Accordingly, it is recommended that Plaintiffs' be granted leave to file their First Amended Complaint (R. Doc. 18-1) and that upon the filing of that Complaint, this matter be remanded.

### III. Conclusion

For the reasons set forth herein, the undersigned recommends that the Unopposed Motion for Leave to File First Amended Complaint and Unopposed Motion for Remand[17] filed by plaintiffs, Corey Barnes and Kristen Walker be **GRANTED** and this matter be **REMANDED** to state court.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

recommended that the Motion to Remand be denied. R. Doc. 7. On May 8, 2017, the District Judge adopted the undersigned's recommendation and ordered that Plaintiffs' Motion to Remand be denied. R. Doc. 16.

[16] R. Doc. 1-2, ¶ IV.

[17] R. Doc. 18.