UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COREY BARNES, ET AL.                                CIVIL ACTION

VERSUS

PROGRESSIVE PALOVERDE                               NO.:16-00817-BAJ-EWD
INSURANCE COMPANY, ET AL.

## RULING AND ORDER

Before this Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 19)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the Unopposed Motion for Leave to File First Amended Complaint and Unopposed Motion for Remand (Doc. 18) filed by Plaintiffs. This case involves a motor vehicle collision between Plaintiffs and an unknown driver of a truck bearing the logo "Lafarge Concrete." (Doc. 19 at pp. 2–3). The Magistrate Judge recommended that Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint and Unopposed Motion for Remand be granted. (*Id.* at p. 6). Plaintiffs assert that it is necessary to add C&R Consulting, Inc. ("C&R")[1] and Third Generation Construction of Louisiana, LLC ("TGC")[2] as defendants "in light of new

---

[1] According to Plaintiffs' proposed First Amended Complaint, Plaintiffs are citizens of Louisiana and Defendant, C&R, is alleged to be a domestic corporation incorporated under Louisiana law with its principal place of business also located in Louisiana. (Doc. 19 at p. 5; Doc. 18-1 at ¶¶ 2, 4).

[2] Plaintiffs further and improperly allege that TGC, which is a limited liability company, is a citizen of Louisiana because it is organized under Louisiana law with its principal place of business also located in Louisiana. (Doc. 18-1 at ¶ 3). However, for purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). (Doc. 19 at n.13). "However, because Plaintiffs

JURY
Clerk 21st JDC

evidence obtained from" Defendant Lafarge North America, Inc. ("Lafarge") showing that the "unknown driver of the Lafarge vehicle was acting within the course and scope of his employment with either/or Defendants Lafarge, TGC, and C&R" during the motor vehicle accident in question. (Doc. 19 at p. 3) (quoting Doc. 18 at p. 1; Doc. 18-1 at ¶ 20). The Magistrate Judge concluded that equities favored allowing Plaintiffs to add C&R and TGC as defendants in this matter, but that doing so would destroy this Court's subject matter jurisdiction; therefore, joinder and remand under 28 U.S.C. § 1447(e),[3] is appropriate. (*Id.* at p. 5). Significantly, no party opposes the addition of C&R and TGC as defendants, remand is uncontested by all parties, and there is no indication that Plaintiffs' joinder of C&R and TGC is meant for the sole purpose of defeating this Court's diversity jurisdiction. (*Id.* at pp. 5–6).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen (14) days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (*Id.* at p. 1). Neither party objected.

Having carefully considered the underlying Complaint, the instant motions, and related filings, the Court approves the Magistrate Judge's Report and

---

are non-diverse from C&R, complete diversity between the parties does not exist regardless of TGC's citizenship." (Doc. 19 at n.13).

[3] Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 19)** is ADOPTED as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint and Unopposed Motion for Remand (Doc. 18) is GRANTED.

Baton Rouge, Louisiana, this 18th day of October, 2017.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA